## IN THE CIRCUIT COURT OF MONROE COUNTY, ARKANSAS
## CIVIL DIVISION

**MICHELE HAMMONDS**  PLAINTIFF

VS.  Case No. 48CV-21-63-1

MONROE COUNTY FILED AT 9:40 O'CLOCK A M
SEP 14 2021
ALICE SMITH, CLERK
D.C.

**KHUSHDEEP SINGH THIND;**
**2320959 ONTARIO, INC. dba JMD EXPRESS;**
**RONNIE HOOPER, JR.;**
**ROCKING T, INC.;**
**JOHN DOE, AS THE ADMINISTRATOR OF**
**THE ESTATE OF JOSE GARCIA, DECEASED; and**
**TRANSPORTATION SERVICES, INC. dba T S I**  DEFENDANTS

### COMPLAINT

COMES NOW the Plaintiff, Michele Hammonds, by and through her attorney, Jose Ruiz, with the Law Offices of Alan LeVar, and for her cause of action against the Defendants, alleges and states:

### PARTIES AND JURISDICTION

1. Plaintiff, Michele Hammonds ("Plaintiff") is a citizen and resident of Roswell, Georgia at the time of this motor vehicle collision herein described.

2. Defendant, Khushdeep Singh Thind ("Thind"), is a nonresident who can be served personally at his residence: 23 Stephanie Avenue, Brampton, Ontario, Canada L6Y5N3.

3. Defendant, 2320959 Ontario, Inc. dba JMD Express ("JMD"), is a foreign for-profit corporation doing business in the State of Arkansas, whose principal place of business is located in 30 Newbridge Road, Unit 30, Etobicoke, Ontario, M8Z 2L, Canada. JMD can be served by leaving a copy of the document with an officer, director or agent of the corporation, or with a

Page 1 of 15/ Complaint/ *Hammonds v. Thind, et al*

person at any place of business of the corporation who appears to be in control or management of the place of business.

4. At all times relevant in this Complaint, Thind was acting as an agent, servant, employee, and/or statutory employee of JMD.

5. Defendant, Ronnie Hooper, Jr. ("Hooper"), is a Texas resident who can be served personally at his residence: 4292 FM 2727, Kaufman, Texas 75142.

6. Defendant, Rocking T, Inc. ("Rocking T"), is a domestic for-profit corporation registered in Texas doing business in the State of Arkansas, whose principal place of business is located in 3300 S. FM. 1258, Amarillo, TX 79118. Rocking T can be served via its registered agent, Brent Schilling, 3300 S. FM. 1258, Amarillo, TX 79118.

7. At all times relevant in this Complaint, Hooper was acting as an agent, servant, employee, and/or statutory employee of Rocking T.

8. Defendant, John Doe, as the Administrator for the Estate of Jose Garcia, Deceased, ("Garcia"). Garcia was a nonresident residing at 808 Elk Drive, Laredo, Texas 78045 before his death. Plaintiff's attorney has a good faith basis that a probate has been opened for Garcia. However, after multiple efforts to obtain the identity of the Administrator for the Estate of Garcia from other parties involved in this Complaint, Plaintiff has not been able to obtain such identity. Following discovery, Plaintiff will amend the Complaint and serve the Administrator of the Estate of Jose Garcia, Deceased. An affidavit is attached as Exhibit "A."

9. Defendant, Transportation Services, Inc. dba T S I, ("Transportation Services"), is a foreign for-profit corporation doing business in the State of Arkansas, whose principal place of Business is located at 18165 Telegraph Road, Romulus, Michigan 48174. Transportation Services can be served via its agent, Michael D. Zavislak, 18165 Telegraph Road, Romulus, Michigan 48174.

10. At all times relevant in this Complaint, Garcia was acting as an agent, servant, employee, and/or statutory employee of Transportation Services, Inc.

11. The occurrence which gives rise to this cause of action occurred in Monroe County, Arkansas.

12. Jurisdiction and venue are proper in this Court based on the location of the incident giving rise to this claim and/or the parties hereto.

## FACTS

13. Plaintiff incorporates paragraphs 1-12 herein by reference.

14. On or about the 24th day of January, 2019, Plaintiff was traveling westbound in the outside (slow) lane of traffic on Interstate 40 in Monroe County, Arkansas.

15. On or about the same time, Thind was operating a JMD tractor-trailer and also traveling westbound on Interstate 40 in Monroe County, Arkansas in the same lane and to the rear of Plaintiff.

16. Plaintiff was maintaining her lane and operating at a prudent speed when Thind, traveling at a high speed, crashed into the rear of Plaintiff's Toyota Prius with the front of his tractor-trailer.

17. The impact of this collision sent Plaintiff's vehicle careening across the left lane, off the roadway, colliding with the cable barrier in the median of the interstate.

18. The force of this collision with the cable barrier sent Plaintiff's vehicle back across both lanes of traffic, spinning in a clockwise direction before the driver's side of the car struck the guardrail, bringing the vehicle to a rest along the north shoulder of the westbound lanes of traffic.

19. Plaintiff's vehicle ended facing east, looking into oncoming traffic traveling westbound.

20. As a result of the impact, Plaintiff's driver door was pinned shut against the

guardrail and her passenger door was blocked by debris and luggage which had come apart during the collision.

21. Around this time, Hooper, also traveling westbound on Interstate 40 and having witnessed the accident, brought this tractor trailer to a stop in the outside lane—occupying almost the entire lane and blocking the flow of traffic—just a short distance to the east of Plaintiff's vehicle and exited the tractor to attempt to direct traffic around the crash scene.

22. From Plaintiff's vantage in the driver's seat of her car, she witnessed a third tractor trailer barreling toward Hooper's stopped tractor trailer; this third tractor trailer was operated by Garcia with his brother, Sergio Rios, riding passenger inside the cab.

23. Moments later, Garcia collided with Hooper's trailer at a high speed, violently propelling both tractor trailers forward in Plaintiff's direction.

24. The two tractor trailers, almost instantly reduced to a mass of twisted and burning metal and debris, impacted Plaintiff's vehicle with her still stuck inside.

25. Around this time, the tractor trailers exploded and became engulfed in flames.

26. Plaintiff was narrowly able to escape her vehicle through her driver's side window before her car also burst into flames, destroying it and all her possessions, including vital medications.

27. The photographs below are a fair and correct portrayal of the relative position of Plaintiff's vehicle and the two tractor trailers after the collision and fire.



28. While Plaintiff was lucky to escape with her life, the impact of these numerous collisions resulted in her suffering serious personal injury.

29. By reason of the negligence of the Defendants stated herein, Plaintiff had to be seen by numerous medical physicians and other health service providers and has been required to incur major expenses for medical care and treatment.

30. By reason of the negligence of the Defendants stated herein, Plaintiff suffered pain and suffering as a result of his injuries described herein.

## COUNT I- NEGLIGENCE OF DEFENDANTS THIND AND JDM EXPRESS

31. Plaintiff incorporates paragraphs 1-30 herein by reference.

32. Plaintiff alleges negligence of Thind in the following respects:

   a. Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic;

   b. Driving in such a careless manner as to evidence of a failure to maintain proper control;

   c. Driving at a speed greater than a reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing;

   d. Operating a vehicle in such a manner which would cause a failure to maintain control;

   e. Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control;

 f. Failing to keep a lookout for other vehicles, in violation of the common law of Arkansas;

 g. Failing to keep his vehicle under control, in violation of the common law of Arkansas;

 h. Failing to drive at a speed no greater than was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards, in violation of the common law of Arkansas;

 i. Failing to yield to oncoming traffic, in violation of the common law of Arkansas;

 j. Failing to make proper use of the instrumentalities in his control so as to avoid an accident when he saw, or in the exercise of ordinary care should have seen the Plaintiff's vehicle, in violation of the common law of Arkansas;

 k. Failing to bring his vehicle under control or to change or divert its course when he saw, or in the exercise of ordinary care should have seen that an accident was about to occur, in violation of the common law of Arkansas;

 l. Failing to see Plaintiff when he either knew, or should have known, to anticipate their presence on the roadway; and

 m. Otherwise failing to exercise ordinary care under the circumstances.

33. At all relevant times, Thind was acting within the course and scope of his employment with JMD.

34. The negligence of Thind is imputed to JMD under the doctrine of *respondeat superior*.

35. Thind's negligent actions and/or inactions were the direct and proximate cause of Plaintiff's injuries, harm, and economic loss, which Plaintiff suffered and/or will continue to suffer as an individual.

### COUNT II-INDEPENDENT LIABILITY OF JMD: NEGLIGENT ENTRUSTMENT

36. Plaintiff incorporates paragraphs 1-35 herein by reference.

37. The injuries, harm, and damages were incurred by Plaintiff as a result of the use of

the vehicle by Thind in a negligent and reckless manner, which because of inexperience, and prior actions, JMD knew, or had reason to know, was likely and involved an unreasonable risk of harm to others while driving the JMD vehicle.

38. JMD, as the employer of Thind, had the right to permit and the power to prohibit the use of the JMD's vehicle by Jones.

39. Thind speeding and overtaking Plaintiff in the right (slow) lane is evidence that JMD knew, or had reason to know, that Thind, because of his inexperience, and/or prior actions or accidents, was likely to drive the JMD vehicle in a negligent and reckless manner.

40. As a direct result of JMD negligently entrusting Thind, who operated said vehicle owned by JMD in a negligent and reckless manner, the Plaintiff suffered injuries, damages, and harm previously enumerated in this Complaint.

## COUNT III- INDEPENDENT LIABILITY OF JMD: NEGLIGENT HIRING AND RETENTION

41. Plaintiff incorporates paragraphs 1-40 herein by reference.

42. Defendant JMD had a duty to use reasonable care to select an employee who was competent and fit to perform the duties required as an employee. Defendant JMD owed such duty to Plaintiff and such duty was breached.

43. Defendant JMD knew, or should have known, that Thind would be likely to operate a tractor-trailer in a negligent and reckless manner.

44. Defendant JMD knew, or should have known, that Thind was not competent or fit for the duties required of him as an employee.

45. Defendant JMD breached its duty to use reasonable care to select and retain an employee that was competent and fit for the position.

46. As a result of Defendant JMD's negligence in hiring and retaining Thind, Plaintiff was injured as alleged.

## COUNT IV- INDEPENDENT LIABILITY OF JMD: NEGLIGENT SUPERVISION

47. Plaintiff incorporates paragraphs 1-46 herein by reference.

48. The actions of Thind that are imputed to Defendant JMD, show violations of the rules of the road and make Defendant JMD liable for negligent supervision of Thind. Defendant JMD knew, or should have known, that its failure to research and screen Thind would result in injury to the public.

49. Defendant JMD failed to perform its duty of diligence in the supervision of Thind, resulting in injury.

## COUNT V-INDEPENDENT LIABILITY OF JMD: NEGLIGENT TRAINING

50. Plaintiff incorporates paragraphs 1-49 herein by reference.

51. The actions of Thind imputed to Defendant JMD show violations of the rules of the road and make Defendant JMD liable for negligent training of Thind. Defendant JMD knew, or should have known, that its failure to train and supervise Thind would result in injury to the public.

52. Defendant JMD failed to perform its duty of diligence in the training of Thind, resulting in injury.

## COUNT VI- NEGLIGENCE OF DEFENDANTS HOOPER AND ROCKING T

53. Plaintiff incorporates paragraphs 1-52 herein by reference.

54. Plaintiff alleges negligence of Defendant, Hooper, in the following respects:

   a. Plaintiff alleges that Hooper's actions in stopping his tractor trailer in the outside lane of the westbound lanes of Interstate 30, at night, and in such a close proximity to Plaintiff, placed her under the immediate high risk of further injury;

   b. Obstructing a highway, in violation of Arkansas law;

   c. Failing to follow the rules of the road, in violation of common law of Arkansas; and

  d. Otherwise failing to exercise ordinary care under the circumstances.

 55. At all relevant times, Hooper was acting within the course and scope of his employment with Rocking T.

 56. Hooper's negligence is imputed to Rocking T under the doctrine of *respondeat superior*.

 57. Hooper's negligent actions were the direct and proximate cause of Plaintiff's injuries, harm, and economic loss, which Plaintiff suffered and will continue to suffer.

## COUNT VII-INDEPENDENT LIABILITY OF ROCKING T: NEGLIGENT ENTRUSTMENT

 58. Plaintiff incorporates paragraphs 1-57 herein by reference.

 59. Hooper had multiple traffic citations prior to the collision that occurred on January 24, 2019.

 60. The injuries, harm, and damages were incurred by Plaintiff as a result of Hooper's negligent and reckless decision to create a new hazard in the roadway by parking his tractor trailer on the interstate and in close proximity to Plaintiff, who was located on the shoulder.

 61. Hooper's actions, which violate federal rules and guidance, indicate either inexperience or very dangerous habits by an experienced driver, which created an unreasonable risk of harm to Plaintiff and others on the Interstate.

 62. Rocking T, as the employer of Hooper, had the right to permit and the power to prohibit the use of the Rocking T vehicle by Hooper.

 63. Rocking T knew, or had reason to know, that Hooper was likely to drive the Rocking T vehicle in a negligent and reckless manner.

 64. As a direct result of Rocking T negligently entrusting Hooper, who operated said vehicle owned by Rocking T in a negligent and reckless manner, the Plaintiff suffered injuries,

damages, and harm previously enumerated in this Complaint.

## COUNT VIII- INDEPENDENT LIABILITY OF ROCKING T: NEGLIGENT HIRING AND RETENTION

65. Plaintiff incorporates paragraphs 1 - 64 herein by reference.

66. Rocking T had a duty to use reasonable care to select an employee who was competent and fit to perform the duties required as an employee.

67. Rocking T knew, or should have known, that Hooper would be likely to operate a tractor-trailer in a negligent and reckless manner.

68. Rocking T knew, or should have known, that Hooper was not competent or fit for the duties required of him as an employee.

69. In addition to other prior events and indications that Hooper might act in a way to endanger other motorists, upon information and belief, Hooper contacted Rocking T when he stopped on the night of the accident.

70. Rocking T breached its duty to use reasonable care to select and retain an employee that was competent and fit for the position.

71. As a result of Rocking T's negligence in hiring and retaining Hooper, Plaintiff was injured again during the second collision that Hooper's actions contributed to causing.

## COUNT IX- INDEPENDENT LIABILITY OF ROCKING T: NEGLIGENT SUPERVISION

72. Plaintiff incorporates paragraphs 1-71 herein by reference.

73. The actions of Hooper that are imputed to Rocking T, show violations of the rules of the road and make Rocking T liable for negligent supervision of Hooper. Rocking T knew, or should have known, that its failure to research and screen Hooper would result in injury to the public.

74. Defendant Rocking T failed to perform its duty of diligence in the supervision of

Hooper, resulting in injury.

## COUNT X-INDEPENDENT LIABILITY OF ROCKING T: NEGLIGENT TRAINING

75. Plaintiff incorporates paragraphs 1-74 herein by reference.

76. The actions of Hooper imputed to Rocking T show violations of the rules of the road and make Rocking T liable for negligent training of Hooper. Rocking T knew, or should have known, that its failure to adequately train Hooper would result in injury to the public.

77. Rocking T failed to perform its duty of diligence in the training of Hooper, resulting in injury.

## COUNT XI- NEGLIGENCE OF DEFENDANTS GARCIA AND TRANSPORTATION SERVICES

78. Plaintiff incorporates paragraphs 1-77 herein by reference.

79. Plaintiff alleges negligence of Garcia in the following respects:

   a. Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic;

   b. Driving in such a careless manner as to evidence of a failure to maintain proper control;

   c. Driving at a speed greater than a reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing;

   d. Operating a vehicle in such a manner which would cause a failure to maintain control;

   e. Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control;

   f. Failing to keep a lookout for other vehicles, in violation of the common law of Arkansas;

   g. Failing to keep his vehicle under control, in violation of the common law of Arkansas;

   h. Failing to drive at a speed no greater than was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards, in violation of the common law of Arkansas;

      i. Failing to yield to oncoming traffic, in violation of the common law of Arkansas;

      j. Failing to make proper use of the instrumentalities in his control so as to avoid an accident when he saw, or in the exercise of ordinary care should have seen the Plaintiff's vehicle or other vehicles, in violation of the common law of Arkansas;

      k. Failing to bring his vehicle under control or to change or divert its course when he saw, or in the exercise of ordinary care should have seen that an accident was about to occur, in violation of the common law of Arkansas;

      l. Failing to see Plaintiff or other vehicles when he either knew, or should have known, to anticipate their presence on the roadway; and

      m. Otherwise failing to exercise ordinary care under the circumstances.

80. At all relevant times, Garcia was acting within the course and scope of his employment with Transportation Services.

81. The negligence of Garcia is imputed to Transportation Services under the doctrine of *respondeat superior*.

82. Garcia's negligent actions and/or inactions were the direct and proximate cause of Plaintiff's injuries, harm, and economic loss, which Plaintiff suffered and will continue to suffer.

## COUNT XII-INDEPENDENT LIABILITY OF TRANSPORTATION SERVICES: NEGLIGENT ENTRUSTMENT

83. Plaintiff incorporates paragraphs 1 - 82 herein by reference.

84. Garcia had a traffic citation prior to the collision that occurred on January 24, 2019.

85. The injuries, harm, and damages were incurred by Plaintiff as a result of the use of the vehicle by Garcia in a negligent and reckless manner, which because of inexperience, and prior actions, Transportation Services knew, or had reason to know, was likely and involved an unreasonable risk of harm to others while driving the Transportation Services vehicle.

86. Transportation Services, as the employer of Garcia, had the right to permit and the power to prohibit the use of the Transportation Services vehicle by Garcia.

87. Transportation Services knew, or had reason to know, that Garcia, because of his inexperience, and/or prior actions, was likely to drive the Transportation Services vehicle in a negligent and reckless manner.

88. As a direct result of Transportation Services negligently entrusting Garcia, who operated said vehicle owned by Transportation Services in a negligent and reckless manner, the Plaintiff suffered injuries, damages, and harm previously enumerated in this Complaint.

89. Transportation Services knew, or had reason to know, that Garcia, because of his inexperience, and/or prior actions, was likely to drive the Transportation Services vehicle in a negligent and reckless manner.

90. As a direct result of Transportation Services negligently entrusting Garcia, who operated said vehicle owned by Transportation Services in a negligent and reckless manner, the Plaintiff suffered injuries, damages, and harm previously enumerated in this Complaint.

## COUNT XIII- INDEPENDENT LIABILITY OF TRANSPORTATION SERVICES: NEGLIGENT HIRING AND RETENTION

91. Plaintiff incorporates paragraphs 1-90 herein by reference.

92. Transportation Services had a duty to use reasonable care to select an employee who was competent and fit to perform the duties required as an employee. Transportation Services owed such duty to Plaintiff and such duty was breached.

93. Transportation Services knew, or should have known, that Garcia would be likely to operate a tractor-trailer in a negligent and reckless manner.

94. Transportation Services knew, or should have known, that Garcia was not competent or fit for the duties required of him as an employee.

95. Transportation Services breached its duty to use reasonable care to select and retain an employee that was competent and fit for the position.

96. As a result of Transportation Services' negligence in hiring and retaining Garcia,

Plaintiff was injured as alleged.

## COUNT XIV- INDEPENDENT LIABILITY OF TRANSPORTATION: SERVICES NEGLIGENT SUPERVISION

97. Plaintiff incorporates paragraphs 1-96 herein by reference.

98. The actions of Garcia that are imputed to Transportation Services, show violations of the rules of the road and make Transportation Services liable for negligent supervision of Garcia. Transportation Services knew, or should have known, that its failure to research and screen Garcia would result in injury to the public.

99. Transportation Services failed to perform its duty of diligence in the supervision of Garcia, resulting in injury.

## COUNT XV-INDEPENDENT LIABILITY OF TRANSPORTATION: SERVICES NEGLIGENT TRAINING

100. Plaintiff incorporates paragraphs 1-99 herein by reference.

101. The actions of Garcia imputed to Transportation Services show violations of the rules of the road and make Transportation Services liable for negligent training of Garcia. Transportation Services knew, or should have known, that its failure to train and supervise Garcia would result in injury to the public.

102. Transportation Services failed to perform its duty of diligence in the training of Garcia, resulting in injury.

## DAMAGES

103. Plaintiff incorporates paragraphs 1- 102 herein by reference.

104. As a result of the Defendants' negligence (Thind, JMD, Hooper, Rocking T, Garcia, and Transportation Services), Plaintiff has suffered severe, permanent, and disabling injuries, including, but not limited to, closed head injuries. a partial thickness tear of her rotator cuff, anterior scalp contusion, post-concussion syndrome, and nerve damage. Plaintiff

has suffered the following damages, for which she is entitled to compensation:

 (a) Medical expenses, both past and future;

 (b) Severe and permanent injuries;

 (c) Loss of earnings in the past and future;

 (d) Loss of earning capacity;

 (e) Loss of personal property; and

 (f) Pain, suffering, and mental anguish, both present and future

## JURY DEMAND

105. Plaintiff incorporates paragraphs 1- 104 herein by reference.

106. Plaintiff, pursuant to Rule 38 of the Arkansas Rules of Civil Procedure, demands a jury trial on all factual issues.

107. Plaintiff reserves the right to amend the Complaint.

**WHEREFORE**, Plaintiff, respectfully requests that this Court grant her judgment against Defendants for the relief sought herein, for her costs, and for any and all other just and proper relief to which she may be entitled. Plaintiff reserves the right to plead and amend further herein.

Respectfully submitted,

Law Offices of Alan LeVar
702 Caddo Street
Arkadelphia, AR 71923
Tel: (870) 246-7070
Fax: (870)345-4579
E-mail: jose@levarlaw.com

By: _____
Jose Ruiz, Bar No. 2019125

IN THE CIRCUIT COURT OF MONROE COUNTY, ARKANSAS
CIVIL DIVISION

**MICHELE HAMMONDS**                        **PLAINTIFF**

VS.                  Case No. 48CV-21-63-1

**KHUSHDEEP SINGH THIND;**
**2320959 ONTARIO, INC. dba JMD EXPRESS;**
**RONNIE HOOPER, JR.;**
**ROCKING T, INC.;**
**JOHN DOE, AS THE ADMINISTRATOR OF**
**THE ESTATE OF JOSE GARCIA, DECEASED; and**
**TRANSPORTATION SERVICES, INC. dba T S I**     **DEFENDANTS**

MONROE COUNTY
FILED
AT 9:40 O'CLOCK A M
SEP 14 2021
ALICE SMITH, CLERK

## AFFIDAVIT

Comes Attorney Jose Ruiz, with the Law Offices of Alan LeVar, and states upon Oath:

1. I am the attorney of record for the Plaintiff in the above-referenced case. I am over the age of 18 and competent to make this Affidavit.

2. The identity of the Administrator for the Estate of Jose Garcia, Deceased, is currently unknown. Plaintiff's attorney has a good faith basis that a probate has been opened for the Estate of Jose Garcia, Deceased. However, after multiple efforts to obtain the identity of the Administrator for the Estate of Jose Garcia, Deceased, from other parties involved in this Complaint, Plaintiff has not been able to obtain such identity. Following discovery, Plaintiff will amend the Complaint and serve the Administrator of the Estate of Jose Garcia, Deceased

Page 1 of 2/ Complaint/ *Hammonds v. Thind, et al*                Exhibit A

Further, affiant sayeth not.

_____
Jose Ruiz

STATE OF ARKANSAS
COUNTY OF CLARK

Subscribed and sworn to before me this 10th day of September, 2021

_____
Notary Public

My Commission Expires:
06/08/24

```
ANDREA R. GARNER
Arkansas - Clark County
Notary Public - Comm# 12399489
My Commission Expires Jun 8, 2024
```

Page 2 of 2/ Complaint/ *Hammonds v. Thind, et al*                              Exhibit A